IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LEEANA ELIZABETH EDINGER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| -vs- ) | Civil Action No. 21-151-E |
| ) | |
| COMMISSIONER OF SOCIAL SECURITY, ) | |
| ) | |
| Defendant. ) | |

**<u>ORDER</u>**

AND NOW, this 29th day of July, 2022, having considered the parties' cross-motions for summary judgment, the Court, upon review of the Commissioner of Social Security's final decision 1) finding that Plaintiff's disability as a child pursuant to Section 1614(a)(3)(C) of the Social Security Act ended as of December 1, 2016 and that she did not become disabled again since that date, and 2) denying Plaintiff's claim for supplemental security income benefits upon attaining the age of 18 under Title XVI of the Social Security Act, 42 U.S.C. § 1381, *et seq.,* finds that the Commissioner's findings are supported by substantial evidence and, accordingly, affirms. *See,* 42 U.S.C. § 405(g); *Biestek v. Berryhill,* 139 S.Ct. 1148, 1154 (2019) (explaining substantial evidence demands only that the "existing administrative record…contains 'sufficien[t] evidence' to support the agency's factual determinations"); *Jesurum v. Secretary of U.S. Department of Health & Human Services,* 48 F.3d 114, 117 (3d Cir. 1995). *See also, Berry v. Sullivan*, 738 F. Supp. 942, 944 (W.D. Pa. 1990) (if supported by substantial evidence, the Commissioner's decision must be affirmed, as a federal court may neither reweigh the evidence,

nor reverse, merely because it would have decided the claim differently) (*citing Cotter v. Harris,* 642 F.2d 700, 705 (3d Cir. 1981)).[1]

---

[1] By way of background, Plaintiff was found to be disabled as of October 11, 2012, when she was ten years old. On December 15, 2016, during a continuing disability review ("CDR"), Plaintiff was found to be no longer disabled. (R. 116-128). After a hearing, an Administrative Law Judge ("ALJ") issued an unfavorable decision finding Plaintiff's disability ended in December of 2016. (R. 132-148). Plaintiff sought review by the Appeals Council, which remanded the case. (R. 155-156). A new ALJ held a hearing on September 29, 2020. (R. 42-78). On October 9, 2020, the ALJ issued an unfavorable decision finding a cessation of Plaintiff's child's supplemental security income as of December 1, 2016, and denying supplemental security income under the adult standards for disability (Plaintiff turned eighteen on December 26, 2019). (R. 15-35).

With regard to the CDR of the claim for childhood benefits, Plaintiff argues the ALJ's determination is not supported by substantial evidence. Entitlement to child benefits is reviewed periodically, and ALJs follow a three-step evaluation process in performing such reviews, determining: 1) has there been a medical improvement of the impairment(s); 2) does the impairment still meet or equal the severity of the listed impairment that it met or equaled before; and 3) is the child currently disabled. *See* 20 C.F.R. § 416.994a(a-b). "If there has been medical improvement, we will consider whether the impairment(s) that we considered at the time of our most recent favorable determination or decision still meets or equals the severity of the listed impairment it met or equaled at that time. In making this decision, we will consider the current severity of the impairment(s) present and documented at the time of our most recent favorable determination or decision, and the same listing section used to make that determination or decision as it was written at that time, even if it has since been revised or removed from the Listing of Impairments." *Id.* at 416.994a(b)(2). To determine if the child is currently disabled, ALJs consider whether the child is disabled under the rules set forth in Sections 416.924(c) and (d): 1) whether the child has a severe impairment or combination of impairments; 2) whether the impairment(s) meet or medically equal the severity of a listed impairment; and 3) whether the impairment functionally equals a listed impairment. *See id.* at 416.994a(b).

Here, Plaintiff submits that the ALJ erred in finding that she experienced a medical improvement in the area of "attending and completing tasks." In support of the same, Plaintiff asserts that the basis for the 2012 determination of disability was her diagnosis of ADHD and that diagnosis continued, which, along with other evidence, suggested that Plaintiff continued to perform at a level below her peers. As a result, Plaintiff argues that the record does not show improvement. After a review of the evidence, the Court disagrees.

In comparing the documentary evidence to Plaintiff's current condition, the ALJ found Plaintiff "is better able to attend, focus, and complete tasks." (R. 21). He then listed examples supporting the same, citing to exhibits, including Plaintiff's psychiatric treatment records, noting "improved focus with Adderall both upon observation and upon the claimant's own report." (*Id.*). This does not mean that the ALJ did not recognize that Plaintiff still has an ADHD

diagnosis or that Plaintiff is not limited in this area of functioning. As noted by the ALJ, it simply meant that the ALJ found Plaintiff no longer had a "marked" limitation as to her ability to attend and complete tasks given the record.

While Plaintiff contends the evidence supports a finding of no medical improvement, this ignores the applicable standard of review. If supported by substantial evidence, the Commissioner's decision must be affirmed, as a federal court may neither reweigh the evidence, nor reverse, merely because it would have decided the claim differently. *See Monsour Med. Ctr. v. Heckler*, 806 F.2d 1185, 1190-91 (3d Cir. 1986); *Berry*, 738 F. Supp. at 944 (*citing Cotter,* 642 F.2d at 705). Moreover, "[t]he presence of evidence in the record that supports a contrary conclusion does not undermine the [ALJ's] decision so long as the record provides substantial support for that decision." *Malloy v. Comm'r of Soc. Sec.*, 306 Fed. Appx. 761, 764 (3d Cir. 2009). Furthermore, "[t]here is no requirement that the ALJ discuss in its opinion every tidbit of evidence included in the record." *Fargnoli v. Massanari,* 247 F.3d 34, 42 (3d Cir. 2001); *Hur v. Barnhart*, 94 Fed. Appx. 130, 133 (3d Cir. April 16, 2004). Rather, an ALJ must provide sufficient explanation of his or her final determination to afford a reviewing court with the benefit of the factual basis underlying the ultimate disability finding. *See Cotter*, 642 F.2d at 705. Upon consideration, the Court is able to make a proper and meaningful review, as the ALJ adequately discussed the record in making this determination. The Court further finds that his decision is supported by substantial evidence. In so finding, the Court notes that the ALJ did not disregard any of the evidence to which Plaintiff cites, but rather found it more relevant to his determination that Plaintiff continued to have marked limitation in the domain acquiring and using information. (R. 21).

With regard to Plaintiff's claim for adult benefits, Plaintiff argues that the ALJ ignored the newly applicable framework for evaluating medical opinions such that the residual functional capacity ("RFC") is crafted out of thin air and that the ALJ failed to provide a sufficient rationale for the basis of the decision. The Court is unpersuaded by this argument. Plaintiff is correct, of course, that for claims filed on or after March 27, 2017, an ALJ's consideration and discussion of opinion evidence must conform to the framework set forth at 20 C.F.R. § 416.920c. Pursuant thereto, ALJs make a finding as to the opinions' persuasiveness. *See id*. at § 416.920c(b). Five factors are at the ALJ's disposal as he/she determine persuasiveness, of which the ALJ must address the two most important factors – supportability and consistency. *See id.* at § 404.1520c(a)-(c).

Plaintiff suggests that the ALJ did not discuss the evidence in light of this new standard. Upon review, the Court disagrees. While the ALJ did cite to the old standard (R. 32), a plain reading of the opinion as a whole demonstrates that the ALJ followed the mandates of the new standard. *See Jones v. Barnhart*, 364 F.3d 501, 505 (3d Cir. 2004) (holding that an ALJ's decision must be "read as a whole"). For instance, in discussing the opinions from Gloria Malik and Melinda Trocki, the ALJ expressly evaluated them in terms of supportability. (R. 24). In discussing the state agency consultants' opinions, he discussed the persuasiveness of the same in terms of supportability and also noted consistency issues with the opinions. (*Id.*). With regard to Plaintiff's testimony and the testimony of her mother, the ALJ also discussed the same in terms of consistency and supportability. (R. 33). Thus, the Court finds no merit to the suggestion that

Therefore, IT IS HEREBY ORDERED that Plaintiff's Motion for Summary Judgment (Doc. No. 13) is DENIED and that Defendant's Motion for Summary Judgment (Doc. No. 15) is GRANTED as set forth herein.

s/ Alan N. Bloch
United States Senior District Judge

ecf:   Counsel of Record

---

the ALJ "ignored" the new regulatory standard.

Additionally, the ALJ found Plaintiff had the RFC to perform a full range of work at all exertional levels but with certain non-exertional limitations. (R. 32). While Plaintiff takes issue with this, an ALJ is charged with formulating the RFC based on all of the relevant evidence. Indeed, the Third Circuit has explained that "[s]urveying the medical evidence to craft an RFC is part of an ALJ's duties." *Titterington v. Barnhart*, 174 Fed. Appx. 6, 11 (3d Cir. 2006). *See also* 20 C.F.R. §§ 416.946(c), 416.945(a); *Chandler v. Comm'r of Soc. Sec.*, 667 F.3d 356, 361 (3d Cir. 2011). Given the circumstances of this case, that is exactly what the ALJ did. The ALJ formulated Plaintiff's RFC based on all of the evidence of record, discussing the medical evidence of record along with the other evidence. For example, the ALJ considered Plaintiff's testimony, the testimony of Plaintiff's mother, the objective medical evidence, treatment records, and Plaintiff's activities of daily living.

This Court has rejected the notion that components of an ALJ's RFC finding must be justified by reference to a specific medical opinion. *See Hornyak v. Colvin*, No. CV 15-74-E, 2016 WL 1255288, at *1 (W.D. Pa. Mar. 30, 2016) (*citing Doty v. Colvin*, 2014 WL 29036 (W.D. Pa. Jan. 2, 2014); *Callahan v. Colvin*, 2014 WL 7408700 (W.D. Pa. Dec. 30, 2014)); *see also Titterington*, 174 Fed. Appx. at 11; *Chandler*, 667 F.3d at 362. Ultimate issues like RFC findings and determinations of disability are reserved to the ALJ. *See* 20 C.F.R. § 416.920b(c)(3). Reviewing the decision as a whole, the ALJ provided an adequate explanation for how he arrived at the RFC allowing this Court to conduct a proper and meaningful review. The Court finds substantial evidence supports the ALJ's RFC determination. (R. 15-35). Therefore, remand is not warranted based on this argument.

Accordingly, for all of the reasons stated herein, the Court affirms the decision.